**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **NOLAN TRANSPORTATION GROUP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **FILE NO: ____________** |
| **SECRET SQUIRREL EXPRESS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**BRIEF IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S STATE AND COMMON LAW CLAIMS**

**COMES NOW**, Secret Squirrel Express, Inc. (hereinafter, "Secret Squirrel"), a Defendant in the above-styled action, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and files this Brief in Support of Defendant's Motion to Dismiss Plaintiff's State and Common Law Claims showing the Court as follows:

**STATEMENT OF FACTS**

Nolan Transportation Group, Inc. (hereinafter, "Nolan" or "Plaintiff") filed a Complaint arising out of the transportation of interstate commerce of a shipment of cargo from Colorado to Indiana in March, 2011. Plaintiff's Complaint seeks

monetary damages arising out of Defendant's carriage of the subject cargo and alleges, *inter alia*, state law claims of breach of the agreement (i.e. breach of contract), tortious interference with business relations and conversion, and seeks recovery for attorney's fees, expenses of litigation, compensatory and exemplary damages.

All claims against this Defendant arise out of the subject shipment of freight in interstate commerce, and as such are governed by the applicable provisions of the Interstate Commerce Act, 49 U.S.C. § 13101 et seq., and the regulations promulgated there under. Specifically, Plaintiff's state and common law claims should be dismissed, because they are preempted by the Carmack Amendment, 49 U.S.C. § 14706, which governs all claims relating to freight shipments transported in interstate commerce pursuant to a bill of lading.

## Argument and Citation of Authority

### A. The Carmack Amendment

The Carmack Amendment delineates the limits of carrier liability for loss and damage to goods transported under interstate bills of lading. The Carmack Amendment is set forth at 49 U.S.C. § 14706 (formerly 49 U.S.C. § 11707) and states in relevant part:

> A common carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission . . .

> shall issue a receipt or bill of lading for property it receives for transportation under this subtitle. That carrier . . . and any other common carrier that delivers the property and is providing transportation or service subject to the jurisdiction of the Commission . . . are liable to the person entitled to recover under the bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property . . .

Id. The Carmack Amendment ensures that uniform rules regarding both damages and carrier liability are applied to interstate shipments. Hughes v. United Van Lines, Inc., 829 F.2d 1407, 1415 (7th Cir. 1987).

### B. The Carmack Amendment Preempts all of Plaintiff's State Law Claims.

#### 1. Federal courts have enumerated the policy of uniformity as justification for Carmack preemption of all state law claims.

It is well settled that the Carmack Amendment, which governs a carrier's liability for loss or damage to goods shipped in interstate commerce, is preemptive of all state law remedies. In discussing the preemptive effect of the Carmack Amendment in regard to state regulation of carrier liability, the Supreme Court in Adams Express Co. v. Croninger, 226 U.S. 491, 505-507 (1913) held:

> Almost every detail of the subject [interstate common carriers] is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulations with reference to it . . . But it has been argued that the nonexclusive character of this regulation is manifested by the proviso of the section, and that state legislation upon the same subject is not superseded, and that the

> holder of any such bill of lading may resort to any right of action against such a carrier conferred by exiting state law. This view is untenable. It would result in the nullification of the regulation of a national subject and operate to maintain the confusion of the diverse regulation which it was the purpose of Congress to put an end to.

Id. at 505-506. Adams Express held that claims arising out of loss or damage to property transported in interstate commerce are governed by the Carmack Amendment and that all state law claims are preempted. The Court explained the primary objective of the statute is the establishment of a uniform national policy governing the liability of interstate carriers:

> [T]his branch of interstate commerce was being subjected to such a diversity of legislative and judicial holding that it was practically impossible for a shipper engaged in a business that extended beyond the confines of his own state, or a carrier whose lines were extensive, to know, without considerable investigation and trouble, and even then oftentimes with but little certainty, what would be the carrier's actual responsibility as to the goods delivered to it for transportation from one state to another. The congressional action has made an end to this diversity . . .

Id. at 505.

The Supreme Court reaffirmed Adams Express in Georgia, Fla. and Ala. Ry. Co. v. Blish Milling Co., 241 U.S. 190 (1916), a case that came to the Supreme Court on appeal from the Court of Appeals of Georgia. The court in Blish Milling found the Carmack Amendment is "comprehensive enough to

embrace responsibility for all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation . . ." Id. at 196.

Subsequent Supreme Court decisions have enumerated the policy of uniformity as justification for the Carmack Amendment preempting all state law claims. See e.g., Thurston Motor. Inc. v. Jordan K. Rand. Ltd., 460 U.S. 533, 535 (1983), quoting Louisville & Nashville R. Co. v. Rice, 247 U.S. 201, 203 (1918) ("As to interstate shipments . . . the parties are held to the responsibilities imposed by the federal law, to the exclusion of all other rules of obligation"); New York, New Haven & Hartford R. R. v. Nothangle, 346 U.S. 128, 131 (1953); Charleston & Western Carolina Ry. Co. v. Varnville Furniture Co., 237 U.S. 597 (1915) (holding that preemption applies not only to state law claims which directly contradict the procedures or remedies set out in Carmack, but also encompasses state law causes of action which supplement Carmack relief); Atchison, Topeka & Santa Fe Ry. V. Harold, 241 U.S. 371, 378 (1916).

This Court has previously considered the scope of Carmack preemption, and has unequivocally held that the "Carmack Amendment, because of the need for uniform federal policy and the extensiveness of federal law in this area, totally occupies the field of regulating interstate carriers." George R. Hall, Inc. v. Superior Trucking Co., Inc., 514 F. Supp. 581, 584 (N.D. Ga. 1981); Polygram

Group Distribution, Inc. v. Transus, Inc., l990 F. Supp. 1454 (N.D. Ga. 1997). See also, American Eye Way, Inc. v. Roadway Package System, Inc., 875 F. Supp. 820 (S.D. Fla. 1995); Adelman v. Hub City Los Angelos Terminal, Inc., 856 F. Supp. 1544 (N.D. Ala. 1994); Roadway Express, Inc. v. Fuente Cigar, Ltd., 749 F. Supp. 248, 254 (S. D. Fla. 1990); vacated on other grounds, 961 F.2d 1558 (11th Cir. 1992); Jones v. Yellow Freight System, Inc., 656 F. Supp. 550 (M.D. Ga. 1987); and Strickland Transp. Co. v. American Distributing Co., 198 F.2d 546 (5th Cir. 1952).[1] Based on the foregoing, the Plaintiff's state law claims are clearly preempted by the Amendment's exclusive regulation of interstate motor carriers of regulated commodities.

**2. The Eleventh Circuit's recent holding regarding the scope of Carmack preemption.**

In a recent Court of Appeals decision concerning the scope of the Carmack Amendment's preemptive effect, the Eleventh Circuit unequivocally concluded the Carmack Amendment's preemptive powers were to be interpreted very broadly. Smith v. United Parcel Serv., Inc., 296 F.3d 1244 (11th Cir. 2002). In Smith, the plaintiffs (who were legally blind) filed suit against United Parcel Service, Inc. ("UPS") alleging discrimination and violation of Alabama Code

[1] Decisions of the Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, are binding precedent on the Eleventh Circuit Court of Appeals and district courts within the Eleventh Circuit. Bonner v. City of Prichard, Alabama, 661 F.2d 1206 (11th Cir. 1981).

§ 272-1, suppression and conspiracy, fraud, wantonness, and outrage. The Court concluded the plaintiffs' state law theories related to the loss of and mis-delivery (or refusal to deliver) of the plaintiffs' goods. This was true even though the plaintiffs alleged outrage in that the "actions of UPS to deny deliveries to them have been intentional and have been designed to inflict emotional distress." Id. at 1249.

Recognizing the extremely broad preemptive effect of the Carmack Amendment, the Court dismissed all of the plaintiffs' claims in Smith, since all of the defendants' conduct related to actions covered by the Carmack Amendment. Id. In so doing, the Court concluded that all claims in any way related to the delivery, loss of, or damage to goods transported in interstate commerce are preempted by the Carmack Amendment. The Eleventh Circuit set the standard as follows:

> "**[T]he Carmack Amendment embraces all losses resulting from any failure to discharge a carrier's duty as to any part of the agreed transportation**."

Id. (emphasis added)

Based on the foregoing, it is clear in the case at bar that the Plaintiff is only entitled to recover the "actual loss or injury to the property" under the Carmack Amendment. Since the Plaintiff's state law claims relate entirely to conduct

governed by the Carmack Amendment and are part of the agreed upon transportation contract, such state law claims should be dismissed due to the broad preemptive effect of the Carmack Amendment. Accordingly, Defendant respectfully requests this Court dismiss Plaintiff's state law claims.

**3. Plaintiff's state law claims for attorney's fees and costs are preempted by the Carmack Amendment.**

This Court has previously addressed whether a shipper who brings a claim against a carrier under the Carmack Amendment is entitled to recover attorney's fees and costs. Polygram Group Distribution v. Transus, Inc., *supra*. In Polygram Group, this Court held that attorney's fees and costs, pursuant to O.C.G.A. § 13-6-11, are not recoverable. Id. at 1460. In Polygram Group, a distributor of audio and video products sued a freight carrier for damages stemming from the alleged loss of an interstate shipment of goods. Id. at 1456. This Court held that "Polygram may not recover the attorneys' fees and costs sought under Georgia law because they are preempted by the Carmack Amendment." Id. at 1460.

The United States District Court for the Middle District of Florida similarly held in Fine Foliage of Fla., Inc. v. Bowman Transportation, Inc., 698 F. Supp. 1566 (M.D. Fla. 1988) that a shipper could not recover attorneys' fees in a claim brought under the Carmack Amendment. In Fine Foliage, the shipper also sought

to recover attorneys' fees pursuant to Florida statutory law. Id. at 1575. The court noted that Congress' enactment of the Carmack Amendment created a uniform national policy to govern the liability of interstate carriers for property loss and that this policy supersedes diverse state laws and remedies. Id. The court also noted that "[t]here is no provision for attorney's fees under the Carmack Amendment," and as such, the plaintiff's request for attorneys' fees was denied. Id. Similarly, Plaintiff's claim for attorney's fees and expenses of litigation in the case at bar is preempted by the Carmack Amendment, and Defendant is entitled to a dismissal of said claim.

## CONCLUSION

The Interstate Commerce Act is broad and all encompassing, and has been shown to be paramount and preemptive of all state law remedies. The plain language of the Act clearly reflects Congress' intent to preempt and supersede all state law remedies against a carrier operating in interstate commerce, and the Courts have consistently affirmed and upheld this intent. The Plaintiff's Complaint in the case at bar includes state and common law claims that are clearly preempted by the Carmack Amendment.

**WHEREFORE**, Defendant respectfully requests this Court dismiss all of Plaintiff's state and common law claims.

This 5th day of October, 2011.

**NALL & MILLER, LLP**

**By:** *__/s/ Amanda L. Matthews_______*
**MICHAEL D. HOSTETTER**
Georgia State Bar No. 368420
**AMANDA L. MATTHEWS**
Georgia State Bar No. 474951

**ATTORNEYS FOR DEFENDANT SECRET SQUIRREL EXPRESS, INC.,**

**NALL & MILLER, LLP**
Peachtree Center, North Tower
235 Peachtree Street NE, Suite 1500
Atlanta, Georgia 30303-1905
Telephone: 404-522-2200
Facsimile: 404-522-2208
Email: mhostetter@nallmiller.com
Email: amatthews@nallmiller.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **NOLAN TRANSPORTATION GROUP, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **FILE NO: ____________** |
| **SECRET SQUIRREL EXPRESS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I have this day served a copy of the within and foregoing **BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S STATE AND COMMON LAW CLAIMS** in connection with the above-referenced matter by filing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following counsel of record:

Jeffrey L. Mapen
Nelson Mullins Riley & Scarborough, LLP
201 17th Street NW, Suite 1700
Atlanta, Georgia 30363
Telephone: 404-322-6000
Facsimile: 404-322-6863
Email: jeff.mapen@nelsonmullins.com
*Attorney for Plaintiff*

This 5th day of October, 2011.

**NALL & MILLER, LLP**

**By:** *_/s/ Amanda L. Matthews_*
**MICHAEL D. HOSTETTER**
Georgia State Bar No. 368420
**AMANDA L. MATTHEWS**
Georgia State Bar No. 474951

**ATTORNEYS FOR DEFENDANT SECRET SQUIRREL EXPRESS, INC.,**

**NALL & MILLER, LLP**
Peachtree Center, North Tower
235 Peachtree Street NE, Suite 1500
Atlanta, Georgia 30303-1905
Telephone: 404-522-2200
Facsimile: 404-522-2208
Email: mhostetter@nallmiller.com
Email: amatthews@nallmiller.com